# Barker Cotton Mills Co. *v.* Sage.

## Assumpsit.

(Decided December 16, 1915.  70 South. 684.)

**Payment; Manipulation of Account.**—Where neither defendant company nor its general manager, a son-in-law of plaintiff, were authorized to cancel a debt due plaintiff by giving the manager a credit on the company's books for a like amount, such manipulation of accounts was no defense to plaintiff's action, where defendant company owed plaintiff $3,500, principal and interest after demand for repayment of a balance of a call loan, and failure to pay.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Catherine G. Sage against the Barker Cotton Mills Company. There was judgment for defendant, which was set aside on plaintiff's motion, and defendant appeals. Affirmed.

The suit was upon a demand loan. The case seems to turn upon the proposition of whether or not the general manager and treasurer of the appellant in sole charge of its business was the agent of the appellee in the matter of collecting from his company a balance of $3,500 due appellee on a call loan of $10,000 she had made to it; and if he was such agent to collect for her, whether he acted in that capacity at the time he had certain cross-entries made on appellant's books, such entries consisting of charging its bills payable account with $3,500, and simply crediting his personal account with that amount, no money being then paid to any one, and no check then drawn, these things being done by E. G. Barker, Jr., Mrs. Sage not having any notice of the manipulation, and not having received any of the money. The motion is based upon the giving of certain charges at the request of defendant, as follows: (2) If you are reasonably satisfied from all the evidence in this case that E. G. Barker, Jr., was acting as agent for both plaintiff and defendant, relative to the matters involved in this suit, and you are further reasonably satisfied that defendant paid to said E. G. Barker, Jr., the $3,500 sued for, then you should not return a verdict for defendant.

(3) If you are reasonably satisfied from the evidence in this case that defendant paid to E. G. Barker, Jr., the $3,500 as agent

of the plaintiff, then there was no duty upon defendant to follow up said payment and see that plaintiff received it.

(4) If you are reasonably satisfied from all the evidence in the case that defendant paid to E. G. Barker, Jr., as agent for plaintiff the sum of $3,500, and that the said Barker credited the same to his personal account, then plaintiff should not be entitled to recover in this case.

Plaintiff afterwards amended the motion by adding the ground that the court erred in refusing to direct a verdict for plaintiff on request, and other matters not necessary to be here set out.

GORDON & EDINGTON, for appellant. GAILLARD & MAHORNER, for appellee.

MAYFIELD, J.—This is an appeal from the ruling of the trial court in granting a motion for a new trial.

The trial court properly granted the new trial, in an attempt to correct errors through which it probably led the jury to render a verdict for the defendant. Had the trial court refused the motion we would have no hesitancy in reversing such action. The plaintiff, under the undisputed evidence, was entitled to the affirmative charge. The defendant, under its own evidence, owed the plaintiff $3,500 as principal and interest thereon, after demand, and failure to pay. Neither the defendant nor E. G. Barker, Jr., its general manager and plaintiff's son-in-law, had any right or power to cancel the debt due the plaintiff from the defendant company by giving Barker a credit on its books for a like amount.

The contrary of this proposition was the only defense attempted, and the defense utterly failed, in that no authority was shown for such manipulation.

It results that the judgment or order granting a new trial was correct, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.